IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL VILLA,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Nos.　C 13-2228 JSW (PR)<br>　　　　C 13-2297 JSW (PR)<br><br>**ORDER CONSOLIDATING CASES; DISMISSING CASE NO. C. 13-2297 JSW (PR); STAYING AND ADMINISTRATIVELY CLOSING CASE NO. C. 13-2228 JSW (PR); GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; INSTRUCTIONS TO CLERK**<br><br>**(Docket No. 2)** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction.

## BACKGROUND

In 2009, Petitioner was convicted in Monterey County Superior Court of possession of a deadly weapon by a prisoner. The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review. Petitioner then filed the instant federal petition.

**DISCUSSION**

I. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. Consolidation and Dismissal

Petitioner currently has two open cases in which he seeks federal habeas relief, Case No. C 13-2228 JSW (PR) and Case No. C 13-2297 JSW (PR). His habeas petition was filed in Case No. C 13-2228 JSW (PR). Petitioner then filed a motion to stay his petition, and because the motion did not include a case number, the Clerk filed it in a new case, Case No. C 13-2297 JSW (PR). Because the motion and petition both seek federal habeas relief from the same state court judgment, there is no need to have two cases. Accordingly, the two cases will be consolidated, and the later case, Case No. C 13-2297 JSW (PR), will be dismissed. Below, the Court address the motion for a stay as it pertains to the petition filed in Case No. C 13-2228 JSW (PR).

III. Legal Claims and Stay

The petition sets forth the following claims: (1) that he received ineffective assistance of counsel on appeal; (2) that he received ineffective assistance of counsel at trial; (3) that the trial court abused its discretion in a variety of ways; (4) that the trial court did not issue certain instructions to the jury regarding eyewitness testimony; (5) that there was insufficient evidence to support the conviction; and (6) that the trial court failed to admit evidence pertaining to Sergeant Sullivan, a prosecutorial witness, after reviewing the material *in camera*.

When liberally construed, the foregoing claims are cognizable. The Court notes

2

that while the second claim cites no federal constitutional right, he does claim that the trial court's decisions denied him a "fair and impartial trial." This can be liberally construed as a claim for the violation of the federal constitutional right to due process which guarantees a defendant a fair and impartial trial. Similarly, the sixth claim can be liberally construed as a claim for the violation of due process because due process is violated when the exclusion of evidence causes the trial to be fundamentally unfair.

Petitioner moves for a stay of proceedings to allow him to exhaust his unexhausted claims, namely all but the sixth claim in his petition. The United States Supreme Court has held that district courts have authority to stay mixed petitions to allow exhaustion. *Rhines v. Webber*, 125 S.Ct. 1528, 1535 (2005). Such stays can, however, only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.* The unexhausted claims have been found, when liberally construed, to be cognizable, and thus they are potentially meritorious. The failures by appellate counsel to pursue his claims on appeal described in the Petitioner's motion sufficiently show good cause for his failure to exhaust his claims sooner. Therefore, the motion for a stay will is granted, below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

Case No. C 13-2297 JSW (PR) is DISMISSED and all pending motions in that case are terminated. The Clerk shall enter judgment and close the file in Case No. C 13-2297 JSW (PR).

Case No. C 13-2228 JSW (PR) is STAYED to allow Petitioner to present his unexhausted issues in state court. If Petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted. To do so, Petitioner **must** notify this Court within thirty days after the state courts have completed their review of his claims. The notice **must** clearly identify in the caption that it is to be filed in Case No. C 13-2228

3

JSW (PR). If he fails to do so, this Court may vacate the stay and act on this petition based solely on the one unexhausted clam. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back"). Upon Petitioner's filing of the notification that all of his claims have been exhausted, the stay of this case will be lifted, the case will be reopened, and the Court will schedule further proceedings. The Clerk shall administratively close Case No. C 13-2228 JSW (PR); this closure has no legal effect.

Petitioner is GRANTED leave to proceed in forma pauperis in both cases.

The Clerk shall file a copy of this order in both Case No. C 13-2228 JSW (PR) and Case No. C 13-2297 JSW (PR).

IT IS SO ORDERED.

DATED: July 1, 2013

JEFFREY S. WHITE
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MANUEL VILLA,

        Plaintiff,

  v.

STATE OF CALIFORNIA et al,

        Defendant.
                                      /

Case Number: CV13-02228 JSW
CV13-02297 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manuel Villa K90355
Corcoran State Prison
P.O. Box 3481
Corcoran, CA 93212

Dated: July 1, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk