IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL VILLA, | ) | Nos.  C 13-2228 JSW (PR) |
| Petitioner, | ) ) | **ORDER GRANTING MOTION TO DISMISS** |
| vs. | ) ) | |
| STATE OF CALIFORNIA, | ) ) | (Dkt. No. 10) |
| Respondent. | ) ) ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed two habeas corpus petitions, which were consolidated into this matter, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition as untimely. Petitioner has not opposed the motion even though he was given an opportunity to do so. This order grants the motion to dismiss.

## BACKGROUND

In 2009, Petitioner was convicted in Monterey County Superior Court of possession of a deadly weapon by a prisoner. Based on his prior "strike" convictions, he was sentenced to a term of 25 years to life in state prison under California's Three Strikes Law. The California Court of Appeal affirmed the judgment on appeal, and on June 30, 2010, the California Supreme Court denied a petition for review. On July 13, 2011,

Petitioner filed a petition for a writ of habeas corpus in federal court, which was dismissed on May 24, 2012, because none of the claims were exhausted. *See Villa v. State of California*, No. C 13-2228 JSW (PR). Petitioner filed a habeas petition in Monterey County Superior Court on May 10, 2013, which was denied on July 3, 2013. Meanwhile, on May 16 and 21, 2013, he filed the two federal habeas petitions that were consolidated into the instant case. The Court granted a stay to allow Petitioner to exhaust his claims in the state courts, which he did when his habeas petition to the California Supreme Court was denied on July 23, 2010.

**DISCUSSION**

Respondent moves to dismiss the petition as untimely. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), petitions filed by prisoners challenging non-capital state convictions or sentences must ordinarily be filed within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).[1]

The California Supreme Court denied Petitioner's petition for direct review on June 30, 2010. "[D]irect review" under Section 2244(d)(1)(A) also includes the 90 days in which a defendant may file a petition for a writ of certiorari from the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, Petitioner's conviction became "final by the conclusion of direct review" on September 29, 2010, and under Section 2244(d)(1)(A), the statute of limitations began to run on that date. It expired one year later, on September 29, 2011. The instant petition was not filed until May 2013, nearly two years later. Consequently, absent either tolling of the statute of limitations, the instant petition is untimely.

The one-year statute of limitations is tolled under Section 2244(d)(2) for the "time

---

[1] In rare instances, the limitations period can start on other dates. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). The parties agree that Section 2244(d)(1)(A) sets forth the applicable start of the limitations period in this case, however, and the record does not suggest otherwise.

2

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). Petitioner's state collateral challenges do not toll AEDPA's limitations period under § 2244(d)(2) because the first one was not filed until May 2013, nearly two years after the limitations period had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once AEDPA's limitations period has run, a state habeas petition cannot revive it). In addition, the limitations period was not tollled for the 11 months that his first federal petition was pending. *See Duncan v. Walker*, 533 U.S. 167, 180-81 (2001). Therefore, Petitioner is not entitled to tolling of the limitations period under Section 2244(d)(2).

While the statute of limitations may be subject to equitable tolling in limited circumstances, *see Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), Petitioner does not present any grounds, nor is any apparent in the record, for such tolling. Accordingly, Respondent's motion to dismiss the petition as untimely must be granted.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition is GRANTED (dkt. 10). The petition for writ of habeas corpus is DISMISSED. Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case. The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: June 5, 2015

JEFFREY S. WHITE
United States District Judge

3